# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-25-00465-CV

### C. P., Appellant

### v.

### Texas Department of Family and Protective Services, Appellee

### FROM THE 353RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-FM-19-008360, THE HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

C.P. (Mother) appeals from the trial court's order terminating her parental rights to her child. *See* Tex. Fam. Code § 161.001. After a bench trial, the trial court rendered judgment finding by clear and convincing evidence that three statutory grounds existed for terminating Mother's parental rights and that termination was in the child's best interest. *See id.* § 161.001(b)(1)(D), (E), (P), (2).[1]

Mother's court-appointed counsel has filed a brief concluding that her appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (per curiam) (approving use of *Anders* procedure in

---

[1] The trial court's order specified that the findings as to the three predicate grounds had been made by a prior trial court and were not challenged in a prior appeal; therefore, "no further findings are required as to statutory grounds." *See N.N. v. C.P.*, No. 03-22-00705-CV, 2023 WL 3853627, at *10 (Tex. App.—Austin June 7, 2023, no pet.) (mem. op.) (reversing and remanding for new trial solely on best interest where Mother had not challenged predicate findings).

appeals from termination of parental rights because it "strikes an important balance between the defendant's constitutional right to counsel on appeal and counsel's obligation not to prosecute frivolous appeals" (citations omitted)). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. *See* 386 U.S. at 744; *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in parental-termination case). Mother's counsel certified to this Court that he provided her with a copy of the *Anders* brief and a copy of the entire appellate record and informed her of her right to file a pro se brief. Mother subsequently filed a pro se brief.

We have conducted a full examination of all of the proceedings to determine whether the appeal is wholly frivolous, as we must when presented with an *Anders* brief. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988). After reviewing the record, the *Anders* brief, and Mother's pro se brief, we find nothing in the record that would arguably support Mother's appeal. We agree with Mother's counsel that the appeal is frivolous and without merit. Accordingly, we affirm the trial court's order terminating the parental rights of Mother. We deny Mother's counsel's motion to withdraw.[2]

---

[2] The Texas Supreme Court has held that the right to counsel in suits seeking termination of parental rights extends to "all proceedings [in the Texas Supreme Court], including the filing of a petition for review." *In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016) (per curiam). Accordingly, counsel's obligations to C.P. have not yet been discharged. *See id*. If after consulting with counsel appellant desires to file a petition for review, her counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See id.*

_____

Karin Crump, Justice

Before Chief Justice Byrne, Justices Crump and Ellis

Affirmed

Filed:   September 23, 2025